# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY GEORGOPOULOS, | Case No. 4:23-cv-358 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge James E. Grimes Jr. |
| FBI, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

*Pro se* Plaintiff Anthony Georgopoulos filed this action against the Federal Bureau of Investigation, the Central Intelligence Agency, and the Defense Intelligence Agency. (ECF No. 1.) Accompanying his complaint is an application to proceed in the action *in forma pauperis*. (ECF No. 2.) For the reasons that follow, the Court dismisses the action.

## STATEMENT OF FACTS

Plaintiff's complaint consists of disjointed and illogical statements and equally incomprehensible exhibits. The complaint states that Plaintiff is "suing the FBI, CIA, and DIA for harassment and conspiracy to torture." (*Id.*, PageID #1.) Then, a nine-page single-spaced narrative follows of purported harassment that allegedly began following his receipt of unemployment benefits during the Covid-19 pandemic, including being followed by an FBI surveillance van and a drone flying in his front yard on a nightly basis. Plaintiff claims that the FBI used YouTube to "get me to falsely admit that I wasn't crazy, which I am, hence, I have a disability." (*Id.*, PageID

#1 & #2.) Also, he also claims that Defendants used television commercials for "internet harassment." (*Id.*) Additionally, Plaintiff claims the following: a gas station attendant gave him a counterfeit dollar bill that Plaintiff attempted to use in a laundromat, but the FBI broke into his house and "swapped the bill with a real one"; he tried to "chat" with Microsoft, but the FBI "was messing with my chat window so I couldn't see the agent's responses"; Defendants "mess[ed] with the grammar of online sites"; the Department of Justice attempted to control Plaintiff's attention by having his brother cough during a song; and the doctor's office used the wrong pronouns on his paperwork. (*See id.*, PageID #2–7.)

Attached to the complaint are 24 pages of exhibits. These exhibits include apparent screenshots of various websites and pictures of a computer and a phone. (*See* ECF No. 1-1, PageID #1–24.) In what appears to be a request for relief, Plaintiff states that he is not asking for a dollar amount; rather, he wants the Court to "give the order to punish and end the harassment." (ECF No. 1, PageID #9.)

## GOVERNING LEGAL STANDARD

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is

2

premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis where the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Although the Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *Id.* Additionally, the Court has discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton*, 504 U.S. at 32-33.

Here, Plaintiff's complaint, even most liberally construed, fails to meet even the most basic pleading standard under Rule 8. The complaint fails to connect any alleged occurrence to any specific, cognizable injury, and he fails coherently to identify how the defendants harmed him. Additionally, Plaintiff's pleadings do not contain a decipherable legal claim within the jurisdiction of the Court. And his factual allegations are at times wholly incredible and irrational. Therefore, Plaintiff's complaint lacks an arguable basis in fact, and it fails to state a claim on which the Court may grant relief.

## CONCLUSION

The Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* (ECF No. 2). For the foregoing reasons, the Court **DISMISSES** Plaintiff's complaint (ECF No. 1).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision may not be taken in good faith.

**SO ORDERED.**

Dated: June 8, 2023

　　　　　　　　　　　　　　　　　　　J. Philip Calabrese
　　　　　　　　　　　　　　　　　　　United States District Judge
　　　　　　　　　　　　　　　　　　　Northern District of Ohio